FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

2009 NOV 27  AM 10: 41

| | |
|---|---|
| Jennifer Routh,<br><br>　　Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership,<br><br>　　Defendant. | Case No. 5:09-CV-522-OC-34GRJ<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

2. Plaintiff is a natural person who resided in Dunnellon, FL at all times relevant to this action.

3. Defendant is a Limited Partnership that maintained its principal place of business in Houston, TX at all times relevant to this action.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. As described below, Defendant sought to collect an alleged debt from Plaintiff, which is a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. On or around August 31, 2009, Defendant telephoned Plaintiff's neighbor ("Gilley") in an effort to collect the debt.

1

8. During this communication, Defendant provided Gilley with Defendant's telephone number and asked Gilley to give Plaintiff a message that Defendant had called.

9. On or around September 1, 2009, Plaintiff telephoned Defendant after Gilley relayed Defendant's message.

10. During this communication, Plaintiff explained that she was upset that Defendant had contacted Plaintiff's neighbor.

11. During this communication, Defendant responded by falsely representing that Defendant would not make any further telephone calls on the account but instead would have attorneys contact Plaintiff to garnish 40% of her wages and place lien on her property.

12. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

13. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

14. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party without Plaintiff's consent. In support hereof Plaintiff incorporates paragraphs 7-8 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

15. Defendant violated 15 U.S.C. §1692d in that it used language the natural consequence of which was to abuse Plaintiff. In support hereof Plaintiff incorporates paragraphs 9-11 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

16. Defendant violated 15 U.S.C. §1692e in that it used false, deceptive, and/or misleading representations in connection with the collection of a debt. In support hereof Plaintiff incorporates paragraphs 9-11 as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

17. The Defendant violated 15 U.S.C. §1692f in that it used unfair and/or unconscionable means to attempt to collect a debt. In support hereof Plaintiff incorporates paragraphs 7-11 as if specifically stated herein.

## JURY DEMAND

18. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

19. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, LLP

By: *H Karen Gatto*
Helene Karen Gatto
Bar # 0190527
2901 West Busch Blvd, Suite 701
Tampa, FL 33618
Telephone: 866-339-1156
Email: kga@legalhelpers.com
Attorneys for Plaintiff

3